WESTERN UNION TELEGRAPH COMPANY *v.* BROOKS.

Opinion delivered October 25, 1915.

TELEGRAPH COMPANIES—INTERSTATE MESSAGE—NEGLIGENCE—LIMITED LIABILITY.—A telegraph company may by contract, limit its liability for negligence, in the delivery of an interstate message. *Western Union Telegraph Co.* v. *Compton,* 114 Ark. 193, cited and followed.

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; judgment modified.

*Trimble & Williams,* for appellant.

1. The court erred in its instructions. 89 Ark. 402, 96 *Id.* 213; 117 Ark. 210; 234 U. S. 541. The judgment should, in no event, have exceeded $50.

2. The failure to receive the telegram was due to plaintiff's own acts. 87 Ark. 579; 55 *Id.* 510; 58 *Id.* 157.

*George M. Chapline,* for appellee.

The jury found negligence. Defendant did not plead the interstate act. Appellee is entitled to judgment at least to $50.

HART, J. A. B. Brooks sued the Western Union Telegraph Company to recover damages for mental anguish on account of the alleged negligence of the telegraph company in failing to deliver a message to him, notifying him of his brother's death. The plaintiff resided at Kerr, in Lonoke County, Arkansas, and the message was addressed to him there and was sent from Kansas City, Missouri. The jury returned a verdict in favor of the plaintiff and the telegraph company has appealed.

There was sufficient evidence to show negligence on the part of the telegraph company.

The telegraph company assigns as error the action of the court in refusing certain instructions asked by it, but we think the matters contained in these refused instructions were embraced in other instructions given by the court. It is well settled that the court is not required to repeat instructions.

In the case before us the defendant claimed in the pleadings only the right to enforce the limitation of its liability down to the sum of $50. The facts bring the case squarely within the rule announced in *Western Union Telegraph Co.* v. *Compton,* 114 Ark. 193, 169 S. W. 946.

The judgment of the circuit court will, therefore, be reduced from $250 to $50 and the judgment for that sum will be affirmed.